THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| AFSHIN BAHRAMPOUR,<br><br>Plaintiff,<br><br>v.<br><br>RUSSELL NELSON, *et al.*,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:22-CV-365 HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Plaintiff, an inmate at a county jail in Nevada, filed this *pro se* civil action against Spencer Cox, the Governor of Utah, the Church of Jesus Christ of Latter-Day Saints, and Russell M. Nelson, the President of the Church of Jesus Christ of Latter-Day Saints. *See* Dkt. No. 5. Plaintiff asserts civil rights violations under 42 U.S.C. § 1983 and the Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb to 2000bb-4. Plaintiff spends most of the complaint outlining his view of the history of laws prohibiting polygamy. *See id.* Plaintiff seeks an "injunction against the enforcement of federal and State of Utah anti-polygamy laws"; "declaratory relief pronouncing that the 'Religious Freedom Restoration Act' absolves the condition the federal government placed on Utah's entry into the Union that the constitution of Utah 'forever' prohibit plural marriages"; and "declaratory relief that Muslims may practice plural or polygamous marriage in any state in the U.S.A." *Id.* at 11–12.

"The Constitution gives federal courts the power to adjudicate only genuine 'Cases' and 'Controversies.'" *California v. Texas*, 141 S. Ct. 2104, 2113 (2021) (citing U.S. Const. art. III, § 2). For there to be a "Case" or "Controversy", a plaintiff must have standing. *See id*. A plaintiff

1

has standing if (1) he has "suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical"; (2) the injury is "fairly traceable to the challenged action of the defendant"; and (3) it is "likely . . . that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (cleaned up). At the pleading stage, a plaintiff must at least provide "general factual allegations of injury resulting from the defendant's conduct." *Id.* at 561.

In his complaint, Plaintiff does not allege any facts showing that he has suffered or faces any specific injury from state or federal anti-polygamy laws or any of the defendants' actions. For example, he does not allege that he has been prosecuted or faces an imminent threat of prosecution for violating these laws. Instead, he offers only general allegations that "anti-polygamy laws substantially burden[] the exercise of religion of Muslims and Mormons." Dkt. No. 5 at 4. But these assertions that entire religions have been injured do not allege any particularized injury. As the Supreme Court has explained, a "particularized . . . injury must affect the plaintiff in a personal and individual way." *Lujan*, 504 U.S. at 560 n.1. Plaintiff has thus failed to assert that he has suffered any injury in fact. Rather, Plaintiff asks the court to issue what would amount to an advisory opinion declaring that anti-polygamy laws violate federal law. But "Article III guards against federal courts assuming this kind of jurisdiction." *See California v. Texas*, 141 S. Ct. at 2116.

For the foregoing reasons, the court concludes that Plaintiff lacks standing to bring the action and that the court thus lacks jurisdiction to decide Plaintiff's claims. Plaintiff's action is accordingly dismissed without prejudice.

IT IS SO ORDERED.

DATED this 3rd day of January, 2023.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge